NO. 07-07-0328-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 10, 2009

_____


GEORGE WILLIAM BAHR,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 47th DISTRICT COURT OF RANDALL COUNTY;

NO. 18125-A; HON. RICHARD DAMBOLD, PRESIDING
_____

*Concurring Opinion*
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

I concur in the opinion and judgment rendered by the majority but write separately to address a concern of mine. That concern relates to the potential for abuse related to accusing one of using or exhibiting a deadly weapon to enhance the nature or punishment of a crime.

As noted in the court's opinion, appellant was charged with using, as opposed to exhibiting, a deadly weapon during the commission of the crime. Furthermore, to prove that allegation, the State must establish, at a minimum, that the weapon's presence facilitated the associated crime. *Gale v. State,* 998 S.W.2d 221, 224-25 (Tex. Crim. App. 1999). In other words, presence or possession of a weapon alone is not enough. There must be a link between the weapon and crime.

The difficulty in proving the aforementioned link may well vary upon the nature of the crime and weapon involved, however. For instance, courts have long recognized that firearms and the peddling of drugs tend to go hand in hand; indeed, that realization is often cited as an indicia justifying an officer's decision to conduct a pat-down when investigating a crime involving drugs. *See Wilson v. State,* 132 S.W.3d 695, 699 (Tex. App.–Amarillo 2004, pet. ref'd) (recognizing the link between drugs and the presence of firearms when determining the legitimacy of a pat-down for officer safety). So, it is not an unreasonable leap to infer from the presence of a firearm within the close vicinity of drugs that the weapon somehow facilitated the possession and/or sale of such contraband. *See Gale v. State*, 998 S.W.2d at 225 (finding the requisite link given the proximity of the firearms to the drugs and the testimony that drug dealers often use guns to protect their illicit goods). Yet, if the supposed deadly weapon was a butcher knife found lying in a kitchen drawer while the drugs lie in a bedroom or when the crime involves child pornography on a computer located next to a gun cabinet the link may be somewhat harder to establish.

Simply put, caution must be taken to insure the presence of the requisite link discussed above. Without more, an accused's legitimate possession of a firearm in his house does not entitle the State to a deadly weapon finding because the underlying crime

2

occurred in the house.  And, I fear that some of what I have read may be ignoring this.

Finally, that the majority took the requisite caution here is something I cannot dispute.


       Brian Quinn
       Chief Justice

Publish.